### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

| | | |
|---|---|---|
| RAYMOND BROWN, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:11-CV-13-CDL-MSH |
| | : | 28 U.S.C. § 2254 |
| STATE OF GEORGIA, | : | |
| Respondent. | : | |

_____

## REPORT AND RECOMMENDATION

Presently pending before the Court is Respondent's Motion to Dismiss Plaintiff's petition for habeas relief as untimely. (ECF No. 8.) Petitioner was notified of the filing of Respondent's Motion to Dismiss on July 29, 2011 (ECF No. 9), and filed a response to the motion on October 6, 2011. (ECF No. 13.) For the reasons described below, Respondent's motion should be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as untimely.

## BACKGROUND

In September 1992, Petitioner was indicted on nine counts in the Superior Court of Harris County. (Resp't's Br. in Supp. of Mot. to Dismiss 1, ECF No. 10-1.) On October 5, 1992, Petitioner pled guilty and was sentenced to five years of incarceration. (Pet.'s Br. in Supp. of Habeas Corpus 1, ECF No. 1.) While in prison, Petitioner escaped and committed new crimes. (*Id.*) On February 2, 1993, Petitioner pled guilty to armed robbery, theft by taking a motor vehicle, aggravated assault, and escape. (*Id.*) Petitioner

was sentenced to twelve years for the armed robbery, theft by taking and aggravated assault, with an additional five year concurrent sentence for the escape charge. (*Id.*) That sentence was to run consecutively to the five-year sentence imposed on the 1992 charges. (*Id.*)

On March 4, 2009, after being charged with and convicted of several crimes in Wyoming and learning that his sentence there would be enhanced based on the 1993 convictions in Harris County, Petitioner filed a state habeas corpus petition challenging the 1993 convictions and sentence. (Resp't's Ex. 1, ECF No. 10-1.) That petition was denied on February 12, 2010. (*Id.*) The Georgia Supreme Court thereafter denied Petitioner's application for probable cause to appeal on September 7, 2010. (*Id.*) Petitioner then filed the current § 2254 petition on February 1, 2011.

## DISCUSSION

### I.     The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

>   (1)     A 1-year period of limitation shall apply to an application for a writ

>     of habeas corpus by a person in custody pursuant to the judgment of
>     a State court.
>
>     . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

## II. Petitioner's Application is outside the AEDPA one-year limitations period.

Here, the limitations period has expired and Petitioner's petition is untimely. Under Georgia law, a notice of appeal must be filed "within 30 days after entry of the appealable decision or judgment . . . ." O.C.G.A. § 5-65-38. Petitioner was convicted and sentenced on February 2, 1993. (ECF No. 10-1.) No appeal was filed, and his judgment became final on March 4, 1993. 28 U.S.C. § 2244(d)(1)(A); *see also, Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (explaining that defendant's judgment became final on "the date on which his 30-day right to appeal the . . . judgment expired").

Where a petitioner's final judgment precedes the effective date of the AEDPA, the Eleventh Circuit has held that state prisoners had until April 23, 1997, to file their federal

3

habeas actions, measured by one year from the enactment date of the AEDPA. *Wilcox v. Fla. Dep't of Corrs.*, 158 F.3d 1209 (11th Cir 1998). Petitioner's state habeas corpus petition was not filed until March 4, 2009 (Pet. for Writ of Habeas Corpus 6), more than fourteen years after the expiration of the AEDPA statute of limitations, and does not toll the statute of limitations for the federal habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000) (explaining that "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled"). A filing deadline cannot be complied with, substantially or otherwise, by filing even one day late. *Carlisle v. United States*, 517 U.S. 416, 430 (1996). Thus, the AEDPA statute of limitations bars Petitioner's application.

This federal petition fails to invoke the jurisdiction of this Court. Petitioner's application for habeas relief is therefore untimely and Respondent's motion to dismiss is granted.

## III.   Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right,

4

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons described above, Respondent's Motion to Dismiss should be granted and Petitioner's action should be dismissed as untimely.  Since Petitioner cannot meet the requisite standard, a certificate of appealability should be denied.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO ORDERED, this 1st day of November, 2011.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE